OPINION
{¶ 1} On February 12, 2001, appellants, Dale Martin, Dean Weaver and Leonard Martin, applied to the Monroe Township Zoning Board Appeals for variances related to lot area, lot frontage, home set back, lot depth and side setback with respect to a proposed development in Monroe Township. Hearings were held on March 13, and May 15, 2001. By decision dated May 15, 2001, the Board granted the variances.
 {¶ 2} On June 6, 2001, appellee, Joseph Nussbaum, a neighboring property owner, appealed the decision to the Court of Common Pleas of Knox County. Appellee claimed the Board's decision was unlawful or in the alternative, a use variance not contemplated by the Monroe Township Zoning Resolution. By judgment entry filed January 14, 2002, the trial court vacated the Board's decision, finding the decision was legislative in nature and beyond the Board's authority.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE BOARD OF ZONING APPEALS HAD PERFORMED A LEGISLATIVE ACT."
 II {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE BOARD OF ZONING APPEALS HAD GRANTED A USE VARIANCE."
 I {¶ 6} Appellants claim the trial court erred in vacating the Board's decision by finding the granting of the variance was a legislative act. We disagree.
 {¶ 7} The standard of review to be applied by a common pleas court in reviewing the decision of a board of zoning appeals is governed by R.C. 2506.04, which states "[t]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Our standard of review is more limited and we must affirm the common pleas court's judgment, as a matter of law, if it is supported by a preponderance of substantial, reliable, and probative evidence. Kisil v.Sandusky (1984), 12 Ohio St.3d 30.
 {¶ 8} The variance granted by the Board was a total lot area, lot frontage, home set back, lot depth and side setback with respect to some 124.62 acres:
 {¶ 9} "Lots will be a minimum of 8,000 square feet, a minimum of 65 feet frontage, homes will have 25 foot set back, a minimum depth of 125 feet and homes set a minimum of eight foot off the side lot lines.
 {¶ 10} "The development will have a maximum of 145 stick built homes — 245 stick built homes with a minimum of 1,000 square feet of floor space." May 15, 2001 T. at 103.
 {¶ 11} The trial court found that such a carte blanche variance in effect created a Planned Unit Development (hereinafter "PUD") which "can only be established in accordance with Chapter 519.021." The trial court concluded a "PUD may only be created by the Board Of Township Trustees through legislative action and subject to referendum. The BZA cannot administratively change zoning classifications, which they have in effect done in this case."
 {¶ 12} It is conceded that Monroe Township, at the time of the decision, did not have a PUD classification in its zoning resolution. If in fact appellants' proposal was a PUD, the granting of the variance was a legislative act.
 {¶ 13} The application for the variance requested the following:
 {¶ 14} "The variance would grant conditions to have more than one residence or home on the common ground of the owner. Individual leased lots would be minimum 8000 square feet, minimum lot width would be 65 feet and minimum lot depth would be 125 feet, minimum side yard per lot would be 8 feet per side, minimum front yard per lot would be 25 feet set back from right away, minimum rear yard would be 25 feet. Off street parking will be provided for each unit minimum of 2 cars. All streets will be paved with a cartway width of 34 feet curb to curb." See, Monroe Township Application #2196, Attachment to Application #2196.
 {¶ 15} Appellee argues any proposed subdivisions must be "governed by regulations prescribed by the planning commission having jurisdiction, which in this case is the Knox County Regional Planning Commission." Appellee's Brief at 2. Appellants argue their application to the Commission was denied, and even if they had fulfilled the requirements of the subdivision regulations, they still would have had to apply for a variance. Appellants' Brief at 2, ft. 1.
 {¶ 16} In order to properly evaluate this appeal, it is necessary to point out certain facts. Appellants claim because no actual fee will be transferred, the land will be leased, the proposed development is beyond subdivision regulations. We disagree with this analysis. All plats originally presented rests in the names of the present landowners without any promise of a transfer of the fee. Further, R.C. 711.001 defines a "subdivision" as follows:
 {¶ 17} "(1) The division of any parcel of land shown as a unit or as contiguous units on the last preceding tax roll, into two or more parcels, sites, or lots, any one of which is less than five acres for the purpose, whether immediate or future, of transfer of ownership, provided, however, that the division or partition of land into parcels of more than five acres not involving any new streets or easements of access, and the sale or exchange of parcels between adjoining lot owners, where such sale or exchange does not create additional building sites, shall be exempted; or
 {¶ 18} "(2) The improvement of one or more parcels of land for residential, commercial or industrial structures or groups of structures involving the division or allocation of land for the opening, widening or extension of any street or streets, except private streets serving industrial structures; the division or allocation of land as open spaces for common use by owners, occupants or lease holders or as easements for the extension and maintenance of public sewer, water, storm drainage or other public facilities."
 {¶ 19} From our review of the application, despite the leasing of the land as opposed to the transfer of the fee, we find the proposed development is in fact a subdivision of lands and as a result, falls under the original jurisdiction of the Knox County Regional Planning Commission. R.C. 713.23. There is nothing in the plat that precludes the transfer of the fee at a later date. Because the Knox County Regional Planning Commission Subdivision Regulations recognize the regulations apply to "all subdivisions" and provide for variances and/or deviations, we find the appropriate vehicle should have been to the Knox County Regional Planning Commission. See, The Knox County Revised Subdivision Regulations, Article I, Sections E and H, attached to Appellant Joseph Nussbaum's Trial Brief as Exhibit B.
 {¶ 20} Although we disagree with the trial court's analysis of the case, PUD finding versus a subdivision finding, we nonetheless reach the same conclusion, the Board's decision was unlawful.
 {¶ 21} Assignment of Error I is denied. Assignment of Error II is moot given our decision in Assignment of Error I.
 {¶ 22} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
topic: Review of zoning decision.